Per Curiam.
All the allegations contained in the affidavit, upon which the attachment was granted, are made upon information and belief. The sources of the affiant’s information, and the grounds of his belief in regard to the facts alleged in the affidavit, are stated to have been derived from a complaint and affidavits now on file in the office of the clerk of the city and county of New York, which affidavits had been made on or about the 3d" of March, 1887.
Without, in any way, considering the question as to whether the affidavit, upon which the attachment in suit was granted, was defective in any other particular, it seems to be sufficient, for the disposition of this appeal, to call attention to the provisions of the Code and to the requirements thereof in reference to the question of the existence of counterclaims where the action is to recover damages for the breach of a contract.
The Code provides (section 636), that to entitle the plaintiff to a warrant of attachment, he must show by affidavits that a cause of action exists against the defendant, and that if the action is to recover damages for the breach of a contract, such affidavit must show that the plaintiff is entitled to recover a sum stated therein over and above all counterclaims known to him.
In the affidavit upon which the attachment in suit was granted, there is a simple allegation to the effect that the, affiant is informed and believes that the plaintiff is justly entitled to recover the sum of $3,000 and interest, over and above all counterclaims known to him. This affidavit was. made on the 7th of April, 1887, more than five weeks after *375 the affidavits referred to as the sources of the affiant’s information. No reason is given for not producing the affidavit of the plaintiff, and although no counterclaims may have existed at the time of the making of the first affidavit by the plaintiff, there is nothingto show that that condition of affairs .may not have changed prior to the time of the making of the affidavit by the attorney.
This is clearly not a compliance with the provisions o£ the Code, which is explicit, that to entitle the plaintiff to a warrant he must show by affidavit that he is entitled to recover a sum stated therein over and above all counterclaims known to him.
It is undoubtedly true that under certain circumstances the affidavit may be made upon information and belief. But when no excuse is given for the failure to furnish the affidavit of the plaintiff, and it does not appear that the affiant upon whose affidavit the attachment is granted, has had any communication upon the subject of the cause of action for a month or six weeks prior to the time of the application for the attachment, it does not seem that the requirement of the Code has been complied with.
The remedy by attachment is an extreme one. It is the issuing of an execution before judgment, and the rights of the absent defendant should certainly be protected to the extent that the provisions of the Code require.
The order appealed from should be reversed with costs and the attachment vacated.